IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GERALD MATTHEWS | : CASE NO. 4:05 CV 2785 |
| Petitioner | |
| -vs- | |
| WARDEN, F.C.I. ELKTON | |
| Respondent | : <u>MEMORANDUM OF OPINION</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 2 December 2005, <u>pro se</u> petitioner Gerald Matthews filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Matthews, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), brings this action against the Warden at F.C.I. Elkton. He maintains that respondent violated his Fifth Amendment and Fourteenth Amendment due process and equal protection rights during the disciplinary process at F.C.I. Elkton.

*Background*

During a routine "shakedown" of the dormitories at F.C.I. Elkton on 14 April 2005 the prison staff found twelve packets of a "leafy substance" in Mr. Matthews's housing unit. As a result, he was placed in a Special Housing Unit (SHU) at F.C.I. Elkton. On 17 April 2005 he received a copy of the Incident Report charging him with an infraction. A Unit Disciplinary Hearing was held the following morning on 18 April 2005. After the hearing, the matter was referred to Disciplinary Hearing Officer (DHO) Biafore. Officer Biafore found

Mr. Matthews guilty of the prohibited acts and allegedly relied on the following information to reach her determination:[1]

> (1) the Incident Report prepared by Commanding Officer Popella; (2) the report of Commanding Officer Johnson who performed a field test on the substance; (3) a statement from a confidential informant who was not "disclosed or documented for reliability"; (4) the quantity of marijuana found in the ladder to the upper bunk of his three-man cube was so substantial it was unlikely an inmate would have used that amount to set up another inmate.

(Pet. at 2.) He claims that he filed his administrative remedies to the Regional and Central Offices, but was denied relief.

*Analysis*

In his petition before this court, Mr. Matthews asserts that his rights to due process and equal protection under the law were violated by respondent. He asserts he is entitled to relief from this court because the Incident Report was delivered to him three days after it was written[2] and "the Unit Disciplinary Committee held the initial hearing within 24 hours, violating BOP Policy and 28 C.F.R. § 541 et seq.[sic]."[3] (Pet. at 3.) He claims

---

[1]There is no copy of the Incident Report attached to the petition.

[2] The policy, as set forth in the Code of Federal Regulations, states:

> (a) Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident.

28 C.F.R. § 541.15(a)

[3]The policy to which he is referring is codified as follows:

> (b) Each inmate so charged is entitled to an initial hearing before the UDC, ordinarily held within three work days from the time staff became aware of the inmate's involvement in the incident. This three work day period

2

the DHO failed to call the reporting staff

> for examination by the Petitioner or his staff representative, . . . which would have established:
>
> * * *
>
> a) that the area where the alleged marijuana was found, is open and accessible to every inmate in the Unit where Petitioner was housed; and (b) that between the instant shake down and the last one performed, numerous inmates resided in that same cubicle and may have hidden the marijuana themselves; and c) that the reporting staff had personal knowledge that after being removed from the cubicle and immediately prior to placement in Special Housing, the three inmates were subjected to urine analysis, all of which were negative for any narcotics . . d) they could be questioned regarding the veracity of the confidential informant . . . since it was not documented in the DHO Report and e) staff could have explained the procedure and safeguards used in the field testing of the marijuana and whether it was forwarded to the FBI crime lab for analysis, for potential prosecution and f) staff could have explained the delay in serving the incident report upon the petitioner for a period of three days.

(Pet. at 2.) Mr. Matthews argues that the acts and omissions of respondent denied him due process and violated his liberty interests by imposing sanctions that included a loss of forty days good time credit, visitation with his family and the privilege of purchasing items from the prison commissary. He seeks a writ of habeas corpus ordering an evidentiary hearing, an expungement of the Incident Report from his Central File, restoration of his good time credits, reinstatement of his visiting privileges and full use of the prison commissary.

---

> excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays.

28 C.F.R. § 541.15(b). Mr. Matthews's allegations suggest that the BOP complied with the regulations. The incident occurred on Thursday, 14 April 2005. Therefore, if the UDC hearing must be scheduled three work days from the time the staff became aware of the incident, excluding the date of the incident and weekends, the BOP had until 19 April 2005 to conduct a UDC hearing.

3

*Federal Habeas Corpus Petitions*
*28 U.S.C. § 2241*

Mr. Matthews is clearly seeking to challenge the manner in which his current sentence is being executed. The Sixth Circuit has consistently held that claims asserted by federal prisoners seeking to challenge the execution or manner in which their sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Thus, petitioner has properly asserted his claims under § 2241 against the warden at F.C.I. Elkton.

*Disciplinary Hearings*
*Right to Due Process*

It is Mr. Matthews's contention that his rights under the Due Process Clause have been violated because the Incident Report was delivered to him three days after it was written and the Unit Disciplinary Committee held its hearing within 24 hours after he received the report. He disputes the DHO's claim that he was trying to assert a defense that he was 'set up.' He states that he "did argue that it [marijuana] was not his and another inmate must have put it there." (Pet. at 2.)

When a prisoner faces the loss of good time credits, due process requires that he receive the following hearing rights: 1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary

4

action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Further, some evidence must exist to support the disciplinary conviction. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Therefore, insofar as Mr. Matthews contends that he should not have been charged because he was not provided with a copy of incident report in a timely manner, he has no claim.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether some evidence supports the decision. Id. at 455. The court is not permitted to re-weigh the evidence presented to the board. Id. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, id. at 456, and the "Constitution does not require evidence that precludes any conclusion but the one reached by the disciplinary board." Id. at 457.

Although Mr. Matthews asserts that his due process rights were violated, the requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced ... ." United States v. Commissioner of Immigration, 273 U.S.103, 106 (1927). The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact, and the revocation of good time credits is not comparable to a criminal conviction. Wolff, 418 U.S. at 556. Thus, neither the amount of evidence necessary to support such a conviction, see Jackson v. Virginia, 443 U.S. 307 (1979), nor any other standard greater than "some evidence" applies in this context. Superintendent v. Hill, 472 U.S. at 456.

Without benefit of the incident report or any copy of the BOP's response to Mr. Matthews's appeal, the court must rely solely on the facts set forth in the petition.

5

Those facts reveal that he received all due process protections required by Wolff.[4]

First, he has failed to allege any violation of BOP policy regarding his receipt the report in advance of his disciplinary hearing. It is undisputed that he received the incident report one day in advance of the UDC hearing. Therefore, if Mr. Matthews's Disciplinary Hearing was conducted (at the earliest) the day after his UDC hearing he would have had two days notice in advance of the disciplinary hearing. Clearly he received the incident more than 24 hours in advance of his disciplinary hearing.

Second, he argues that the DHO "failed to call the reporting officer." What he does not allege is that the respondent denied or refused to permit him or his representative to call witnesses or present documentary evidence. Due process does place a burden on the DHO to summon the reporting officer if the DHO relies on the officer's written report during the hearing.

Finally, Mr. Matthews does not state that DHO Biafore failed to set forth all of the evidence upon which she based her determination. Therefore, there is nothing in the

---

[4]The Supreme Court later interpreted the provisions of Wolff, as follows:

> The written statement mandated by Wolff requires a disciplinary board to explain the evidence relied upon, recognizing that due process requires some evidentiary basis for a decision to revoke good time credits will not impose significant new burdens on proceedings within the prison. Nor does it imply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review.

Superintendent v. Hill, 472 U.S. at 455.

petition which sets forth a violation of Mr. Matthews's right to due process.[5] The three day delay between the staff's discovery of the narcotics and his receipt of a copy of the incident report does not establish a per se violation of a prisoner's right to due process.

Satisfying the standard of "some evidence" does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Under these circumstances, Mr. Matthews's position that the drugs were not his, but belonged to someone else creates no legal basis upon which this court can attack the DHO's findings. The only relevant question before this court is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See Wolff, 418 U.S. at 556; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

The DHO's conclusion that Mr. Matthews engaged in some prohibited act was based on evidence that included the incident report, a report from the Officer who tested the substance found, a confidential informant and the significant quantity of marijuana that was discovered. It is undisputed that Mr. Matthews was assigned to the cubicle where the narcotics were found and, although he does not allege that his claims of innocence were not considered, the DHO allegedly believed it unlikely that another inmate would use such a valuable quantity of drugs to set up another inmate. Even if Mr. Matthews does not agree with these findings, his disagreement can only be addressed by re-weighing the evidence presented to the DHO. As noted above, this court is not permitted to re-weigh evidence presented to the board. Superintendent, Mass. Corr. Inst., 472 U.S at 455. Because the

---

[5] Beyond a bald allegation that his equal protection rights were violated, Mr. Matthews does not allege any facts that set forth an equal protection violation.

DHO's decision is supported by "some evidence" in the record, Mr. Matthews's due process rights were not violated.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 16 February 2006